UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CASE NO.

MAYFLOWER TRANSIT, LLC,

    Plaintiff,

vs.

MICHAEL DOYLE AND
PAM DOYLE,

    Defendants.

03 - 30293 - KPN

FILED
CLERK'S OFFICE

'03 DEC -2 A 10:02

U.S. DISTRICT COURT
DISTRICT OF MASS

FILING FEE PAID:
RECEIPT # 305434
AMOUNT $ 150.00
BY DPTY CLK MGK
DATE 12/2/2003

## COMPLAINT

Plaintiff, Mayflower Transit, LLC ("Mayflower"), files this complaint against Defendants, Michael Doyle and Pam Doyle ("the Doyles"), and states:

### JURISDICTION

1. This Court has original jurisdiction over the Doyles in this action by virtue of 28 U.S.C. §1331 and §1337, as confirmed in <u>Thurston Motor Lines v. Rand</u>, 460 U.S. 583 (1983) and 28 U.S.C. §1367. This action involves the collection of transportation charges for a shipment moving in interstate commerce, pursuant to the Interstate Commerce Act, 49 U.S.C. §14705, §13706 and §13702.

2. The matters complained of herein and the liability of Defendants arose from the interstate carriage of Defendants' personal property and household goods from Meridian, Mississippi, to Amherst, Massachusetts.

## PARTIES

3. Mayflower is a Missouri limited liability company with its principal place of business in Fenton, Missouri. Mayflower is a motor carrier of household goods and personal property and is engaged in the performance of interstate carriage for hire by authority of the Surface Transportation Board pursuant to the Interstate Commerce Act, 49 U.S.C. §13101, et seq.

4. Defendants are individuals who now reside at 21 Autumn Lane, Amherst, Massachusetts 01002.

## VENUE

5. Venue is proper in the District of Massachusetts in that a substantial part of the events and omissions giving rise to this action occurred in this District. 28 U.S.C. §1391.

## COUNT I

## BREACH OF INTERSTATE TRANSPORTATION CONTRACT

6. Mayflower repeats and realleges paragraphs 1 through 5 as if fully set forth herein.

7. The matters complained of herein and the liability of Defendants are predicated upon the interstate transportation of property by Mayflower pursuant to the Uniform Household Goods Bill of Lading and Freight Bill and Mayflower's duly published tariffs, which are incorporated therein by reference. 49 U.S.C. §13702(a) and (c).

8. On or about May 30, 2002, Defendants entered into and accepted a contract with Mayflower for the interstate shipment of personal property and household goods from Meridian, Mississippi to Amherst, Massachusetts. A true and correct copy of said contract,

Uniform Household Goods Bill of Lading and Freight Bill No. M0566 03152 2, which incorporates by reference Mayflower's published tariffs, is attached hereto as Exhibit A.

9. On or about May 30, 2002, Defendants tendered to Mayflower 5,440 pounds of household goods for interstate transit from Meridian, Mississippi to Amherst, Massachusetts.

10. On or about June 18, 2002, Mayflower delivered Defendants' personal property and household goods to Amherst, Massachusetts pursuant to the Bill of Lading. The transportation charges accruing from the interstate transportation of Defendants' property total $3,220.39, of which nothing has been paid. A copy of Mayflower's invoice number M 0566 03152 2 01, dated August 6, 2002, is attached hereto as Exhibit B.

11. The transportation services for carriage of Defendants' personal property and household goods were performed in accordance with the Bill of Lading and Mayflower's tariff provisions incorporated therein, which are duly maintained in a published tariff as required by the Interstate Commerce Act.

12. Defendants are the actual and beneficial owner or legal possessors, shippers, consignors and consignees of the personal property for which the interstate transportation services were provided by Mayflower, pursuant to the attached Bill of Lading. In accordance with 49 U.S.C. §13706 and §13702(a), Mayflower is obligated to collect, and Defendants are obligated to pay, the full applicable tariff charges due.

13. As reflected in the attached Bill of Lading (Exhibit A), Defendants accepted the personal property and household goods upon delivery in Amherst, Massachusetts on or about June 18, 2002.

14.     Mayflower has performed all of the terms and conditions set forth in the attached Bill of Lading, and there is due and owing the sum of $3,220.39 as unpaid tariff transportation charges.

15.     Defendants have breached the Bill of Lading by failing and/or refusing to pay Mayflower the outstanding transportation charges.

16.     Defendants are liable to Mayflower in the sum of $3,220.39 pursuant to the terms of the Bill of Lading, as well as the Interstate Commerce Act, 49 U.S.C. §13706 and §13707.

**WHEREFORE**, Mayflower demands judgment against Defendants Michael Doyle and Pam Doyle in the sum of $3,220.39, plus interest, costs, and any and all other relief that this Court deems just and proper.

## COUNT II

### CLAIMS FOR MONIES DUE AND OWING FOR WORK, LABOR AND SERVICE (QUANTUM MERUIT)

17.     Mayflower repeats and realleges paragraphs 1 through 5, and paragraphs 7 through 16 as if fully set forth herein.

18.     On or about May 30, 2002, at the request of Michael Doyle and/or Pam Doyle, or on their behalf, Mayflower transported Defendants' personal property and household goods from Meridian, Mississippi to Amherst, Massachusetts.

19.     Mayflower rendered to Defendants work, labor, materials and services for which Defendants promised to pay the reasonable value thereof.

20. Defendants Michael Doyle and Pam Doyle executed the Bill of Lading (Exhibit A), and thereby acknowledged their primary liability for the transportation charges thus accrued.

21. Defendants Michael Doyle and Pam Doyle are the actual and beneficial owners or legal possessors, shippers, consignors and/or consignees of the personal property for which the interstate transportation services were provided by Mayflower, pursuant to the attached Bill of Lading (Exhibit A), and are liable for the transportation charges thus accrued.

22. The reasonable value of the services performed by Mayflower for the benefit of Defendants is $3,220.39.

23. Notwithstanding repeated demands for payment of the $3,220.39 balance, Defendants have failed or refused to pay any part of the tariff transportation charges due Mayflower. There is now due and owing from Defendants to Mayflower transportation charges pursuant to Mayflower's tariffs incorporated by reference within the attached Bill of Lading in the sum of $3,220.39.

**WHEREFORE,** Mayflower demands judgment against Defendants Michael Doyle and Pam Doyle in the sum of $3,220.39, plus interest, costs and any and all other relief that this Court deems just and proper.

## FAIR DEBT COLLECTION PRACTICES ACT NOTICE

To Defendants Michael Doyle and Pam Doyle:

Unless you notify Plaintiff within 30 days after receiving this Complaint that you dispute the validity of this debt or any portion thereof, Plaintiff will assume this debt is valid. If you notify Plaintiff in writing within 30 days after receiving this Complaint, Plaintiff will

verify the debt and mail you verification of the debt. If you so request Plaintiff in writing within 30 days after receiving this Complaint, Plaintiff will provide you with the name and address of any original creditor, if different from the current creditor.

**This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

The Summons attached to this Complaint states that you have 20 days within which to answer the Complaint. The twenty day period stated in the Summons is specified by Rule 12(a), Federal Rules of Civil Procedure. This is in conflict with the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* As stated above, you have 30 days under the Fair Debt Collection Practices Act within which to dispute the validity of this debt. Due to this conflict, the Plaintiff will allow you 30 days within which to file an answer to the Complaint. If you fail to respond within 30 days, the Plaintiff will ask the Court to enter your default.

                           Respectfully submitted,

                           **Lawrence J. Roberts & Associates, P.A.**
                           Attorneys for Plaintiff
                           249 Catalonia Avenue
                           Coral Gables, Florida 33134
                           Telephone: (305) 441-7882
                           Fax: (305) 441-7883

                           BY: _____
                                LAWRENCE J. ROBERTS, ESQ.
                                Florida Bar No. 343218

F:\Doyle\draft.complaint.wpd

# EXHIBIT "A"

P.O. Box 26150
 ton, MO 63026-1350
636-305-4000

DELIVERING CARRIER (IF ANY)
SHIP HOUSEHOLD GOODS DESCRIBED BELOW

THIS SHIPMENT IS __NON BINDING OPTION__
SHIPPER __MRS PAM DOYLE__
CONSIGNEE __MRS PAM DOYLE__

COMPANY (ASSOCIATED WITH) _____
STREET ADDRESS __4315 HWY 39 NORTH__
ORIGIN __MERIDIAN__ CITY __LAUDERDALE__ 038 __MS__ ZIP __39305__

STREET ADDRESS _____
DEST. __AMHERST__ CITY __HAMPSHIRE__ CODE __008__ ST __MA__ ZIP __01002__

ST #
TE LOADED FROM
D. OR PERM. STGE.

| AGREED TO PACK/OFFERED | | AGREED DEL. PERIOD | |
|---|---|---|---|
| 5/30 | 5/30 | 6/04 | 6/10 |

NOTIFY IN CASE OF: ☐ DELAY  ☐ CHARGES
NAME _____
ADDRESS _____
CITY _____

GUARANTEED SERVICE DATES (IF APPLICABLE) DAILY ALLOWANCE (IF APPLICABLE)
☒ C.O.D.  ☐ PPD.  ☐ GOV.  ☐ NAT. ACCT. NO. _____
LL TO:
O. BOX/
REET:
TY & STATE
TTN:

| COST OF CONTAINERS PACKING AND UNPACKING SERVICES | CONTAINERS | | | | PACKING SCHEDULE ( ) | | | | UNPACKING SCHEDULE ( ) | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | NUMBER | BY AGT. | PER EACH | TOTAL | NUMBER | BY AGT. | PER EACH | TOTAL | NUMBER | BY AGT. | PER EACH | TOTAL |

TOTAL CONTAINERS ▶   TOTAL PACKING ▶   TOTAL UNPACKING ▶

ORIGINAL    REWEIGH
LBS. GROSS _____
LBS. TARE _____
LBS. NET _____
MIN. WT. _____
☐ SHIPPER REQUESTED REWEIGH

CONTRACT NO. / START
400N  3

TOTAL WEIGHT    CHARGE    TRANSPORTATION CHARGES
OTHER CHARGES

| AGENT | CODE | NAME | PHONE NO. |
|---|---|---|---|
| Book. | 566 | GRAHAM TRANSFER & | 6016934933 |
| Dest. | 109 | AMODIO VAN & STOR | 4135835200 |
| Origin | 566 | GRAHAM TRANSFER & | 6016934933 |
| G-11 | | VAN NO. | |

| MILES | WEIGHT | BASE CHARGE | WEIGHT | RATE |
|---|---|---|---|---|

1st DAY   DATE IN
2ND DAY   TO   NO. DAYS
WAREHOUSE HANDLING

BILL OF LADING COMPLETED BY
DRIVER ID | VAN NO. | PICKUP DATE | DATE FROM | TO

☐ EXTENDED VALUATION

PAYMENT ACKNOWLEDGMENT
PREPAYMENT REC'D   DATE   CODE   TOTAL PREPAID
PAYMENT REC'D. AT DESTINATION   DATE   CODE

DRIVER SIGNATURE FOR BILL OF LADING _____
DRIVER CODE _____ DATE _____
DELIVERED BY DRIVER SIGNATURE _____
DRIVER CODE _____ DATE 6-19-02

DELIVERY ACKNOWLEDGMENT

1. All terms written, and printed, stamped or typed on the front or back of this form, are agreed to by both parties.
2. If credit is extended to the shipper by the carrier by agreeing to bill an employer or other party, the shipper remains primarily liable for payment.
3. The above named shipper agrees that this carrier shall transport the goods and effects tendered by the shipper subject to the preceding.

COLLECT SHIPMENTS: Collect shipments must be paid in U.S. funds by cash, money order or cashier's check before property is relinquished by carrier. Money orders and drafts must be payable to this carrier. All charges subject to audit and if necessary will be corrected by refund or additional billing.

**IMPORTANT - SEE TERMS ON THE REVERSE SIDE**

BP-1-OS

## CONTRACT TERMS AND CONDITIONS OF UNIFORM HOUSEHOLD GOODS BILL OF LADING
### NOTICE OF AVAILABILITY OF PUBLISHED TARIFF

United Van Lines, Inc. publishes tariffs which set forth the terms, conditions and prices for the transportation services it provides. The applicable tariff provisions are incorporated herein by reference. Incorporated provisions include, but are not limited to: (1) Establishing the limitation of carriers liability, the principal features of which are described in the Valuation section of this Bill of Lading; (2) Setting the time period for filing claims, the principal features of which are described in Section 6 hereof; and (3) Reserving the carrier's right to assess additional charges for additional services performed and, on non-binding estimates, to base charges on the exact weight of the goods transported. For more information, please see the terms and conditions printed herein and in the carrier provided booklet "Your Rights and Responsibilities When You Move". The tariff is available for inspection at the offices of United Van Lines, Inc., or, on request, carrier will furnish a copy of any tariff provision containing carrier's rates, rules or charges governing the shipment and is also available for inspection at the offices of the Household Goods Carriers Bureau/American Movers Conference, 1611 Duke Street, Alexandria, VA 22314.

Carrier's currently effective applicable tariffs, all inventories prepared in conjunction with this Bill of Lading, any applicable contract of carriage agreements and the Order for Service prepared in advance of shipment are hereby incorporated by reference. These documents, together with this Bill of Lading constitute the contractual documents governing Shipper's move, and include but are not limited to the terms and conditions set forth below. In the event of any conflict between the terms of the Order for Service and Bill of Lading, the document last executed shall control.

SECTION 1: The Carrier shall be liable for physical loss of or damage to any articles from external cause while being carried or held in storage-in-transit EXCEPT loss, damage, or delay caused by or resulting:

(a) From an act, omission or order of shipper;

(b) From defect or inherent vice of the article, including susceptibility to damage because of atmospheric conditions such as temperature and humidity or changes therein;

(c) From (1) hostile or warlike action in time of peace or war, including action in hindering, combating or defending against an actual, impending or expected attack (A) by any government or sovereign power, or by any authority maintaining or using military, naval or air forces; or (B) by military, naval or air forces; or (C) by an agent of any such government, power, authority or forces; (2) any weapon of war employing atomic-fission or radioactive force whether in time of peace or war; (3) insurrection, rebellion, revolution, civil war, usurped power, or action taken by governmental authority in hindering, combating, or defending against such an occurrence; (4) seizure or destructions under quarantine or customs regulations; (5) confiscation by order of any government or public authority; or (6) risks of contraband or illegal transportation or trade;

(d) From strikes, lockouts, labor disturbances, riots, civil commotions, or the acts of any person or persons taking part in any such occurrence or disorder.

(e) From Acts of God.

SUBJECT, in addition to the foregoing, to the further following limitations on the carrier's liability;

The carrier's maximum liability shall be one of the following:

(1) The amount of the actual loss or damage not exceeding $1.25 times the actual weight (in pounds) of the shipment, or the lump sum declared value, whichever is greater;

(2) The actual loss or damage not exceeding sixty (60) cents per pound of the weight of any lost or damaged article when the shipper has released the shipment to carrier, in writing, with liability limited to sixty (60) cents per pound per article; or

(3) Replacement value of the lost or damaged item, subject to any applicable deductible amount; provided, however, that shipper elects such valuation coverage and agrees to pay applicable increased rates.

Further, a shipper's failure to notify the carrier in writing that an article or articles having a value that exceeds $100 per pound will be included in the shipment will restrict the carrier's maximum liability to $100 per pound for each pound of any lost or damaged article (based on actual article weight), not to exceed the declared value of the entire shipment.

Such valuation is extended carrier liability under published tariffs and is not insurance, as that term is used under the McCarran-Ferguson Act, 15 U.S.C. 1011-1015.

SECTION 2: The carrier shall not be liable for delay caused by highway obstruction, or faulty or impassable highways, or lack of capacity of any highway, bridge or ferry, or caused by breakdown or mechanical defect of vehicles or equipment or from any cause other than negligence of the carrier; nor shall the carrier be bound to transport by any particular schedule, means, vehicle or otherwise than with reasonable dispatch. Every carrier shall have the right, in case of physical necessity to forward said property by any carrier or route between the point of shipment and the point of destination.

SECTION 3: Shipper's, consignor's and/or consignee's liability to carrier shall include the following:

(a) The shipper, (individual or commercial) and consignor upon tender of the shipment to carrier, and the consignee, upon acceptance of delivery of shipment from carrier, shall be liable, jointly and severally, for all unpaid charges payable on account of a shipment in accordance with applicable tariffs including, but not limited to, sums advanced or disbursed by a carrier on account of such shipment. The extension of credit to either shipper or consignee for such unpaid charges shall not thereby discharge the obligation of the other party to pay such charges in the event the party to whom credit has been extended shall fail to pay such charges.

(b) Shipper and/or consignor acknowledge that no explosives and/or dangerous articles or goods shall be contained in shipment. However, shipper and/or consignor shall indemnify carrier against any loss or damage caused by the negligent or intentional inclusion of explosives or dangerous goods therein.

SECTION 4: If for any reason other than the fault of carrier, delivery cannot be made at address shown on the face hereof, or at any changed address of which carrier has been notified, carrier, at its option, may cause articles contained in shipment to be stored in a warehouse selected by it at the point of delivery, or at other available points, at the cost of the owner, and subject to a lien for all accrued tariff, contract and other lawful charges.

SECTION 5: If shipment is refused by consignee at destination, or if shipper, consignee or owner of property fails to receive or claim it within fifteen (15) days after written notice by United States mail addressed to shipper and consignee at post office addresses shown on face hereof, or if shipper fails or refuses to pay lawfully applicable charges in accordance with carrier's applicable tariff, carrier may sell the property at its option, either (a) upon notice in the manner authorized by law, or (b) at public auction to highest bidder for cash at a public sale to be held at a time and place named by carrier, thirty (30) days notice of which sale shall have been given in writing to shipper and consignee, and there shall have been published at least once a week, for two consecutive weeks in a newspaper of general circulation at or near the place of sale, a notice thereof containing a description of the property as described in the bill of lading, and the names of the consignor and consignee. The proceeds of any sale shall be applied toward payment of lawful charges applicable to shipment and toward expenses of notice, advertising and sale, and of storing, caring for and maintaining property prior to sale, and the balance, if any shall be paid to owner of property PROVIDED that any perishable articles contained in said shipment may be sold at public or private sale without such notices, if, in the opinion of carrier, such action is necessary to prevent deterioration or further deterioration.

SECTION 6: As a condition precedent to recovery, a claim for any loss or damage, injury or delay, must be filed in writing with carrier within nine (9) months after delivery to consignee as shown on face hereof, or in case of failure to make delivery then within nine (9) months after a reasonable time for delivery has elapsed; and suit must be instituted against carrier within two (2) years and one (1) day from the date when notice in writing is given by carrier to the claimant that carrier has disallowed the claim or any part or parts thereof specified in the notice. Where a claim is not filed or suit is not instituted thereon in accordance with the foregoing provisions, carrier shall not be liable and such a claim will not be paid.

TEL-1B (7/77)

**P.O. Box 26150**
**Fenton, MO 63026-1350**
636-305-4000
I.C.C. No. MC-2934 • D.O.T. No. 125563

**PLEASE READ THOROUGHLY**
**ADDITIONAL SERVICES PERFORMED**
(OTHER THAN THOSE SERVICES INCLUDED
IN LINEHAUL TRANSPORTATION CHARGE)

ORDER NUMBER: M0566  3152  2

Customer: Doyle, Pam
Services Performed at: ☒ Origin  ☐ Destination  ☐ Other
Date Performed: 30 May 02
By: Graham Transfer & Storage
Agent Code: M0566

**IF NATIONAL ACCOUNT (BILLED) MOVE, AGENT/VAN OPERATOR MUST CONTACT BOOKING AGENT**

Additional Services checked below APPROVED by _____ (First & Last Name) @ _____ (Booking Agent Number/Name)

PARTY RESPONSIBLE FOR PAYMENT OF "APPROVED" ADDITIONAL SERVICES CHECKED (✓) IS AS FOLLOWS:

NATIONAL ACCOUNT: ☐1 ☐2 ☐3 ☐4 ☐5 ☐6 ☐7 ☐8 ☐9 ☐10 ☐11 ☐12 ☐13 ☐14 ☐15
INDIVIDUAL SHIPMENT (C.O.D. for services performed): ☐1 ☐2 ☐3 ☐4 ☐5 ☐6 ☐7 ☐8 ☐9 ☐10 ☐11 ☐12 ☐13 ☒4 ☐15

**CUSTOMER NOTE:** SOME ADDITIONAL SERVICES PERFORMED REQUIRE ASSESSMENT OF EXTRA CHARGES. BE CERTAIN TO INITIAL PROPER BOXES FOR SERVICES PERFORMED & MARK "X" IN EACH BOX FOR SERVICES NOT PERFORMED BEFORE SIGNING FORM. SEPARATE FORMS MUST BE USED FOR ORIGIN AND DESTINATION SERVICES YOU ORDER.

**1. CONTAINERS/PACKING/UNPACKING**

| DESCRIPTION | FURNISHED | PACKED | UNPACKED |
|---|---|---|---|
|  | 1 |  |  |
|  | 0 | 0 |  |
|  | 0 | 0 |  |
|  | 0 | 0 |  |
|  | 0 | 0 |  |
|  | 0 | 0 |  |
|  | 0 | 0 |  |
|  | 0 | 0 |  |
|  | 2 | 2 |  |
|  | 2 | 2 |  |
|  | 2 | 3 |  |
|  | 0 | 0 |  |
| CORRUGATED / MIRROR CONTAINERS | 2 | 2 |  |
| Crates & Containers (Specify Gross Measurement) |  |  |  |

**CUSTOMER IS TO INITIAL BOXES SHOWN BELOW FOR SERVICES PERFORMED AND CROSS OUT ALL OTHER BOXES**

1. CONTAINERS/PKG./UNPKG. [crossed out, initialed PD]
2. APPL. SERV./UNSERV.
3. EXTRA PU/DEL.
4. ELEV./STAIRS
5. PIANO/ORGAN
6. LONG CARRY
7. BULKY ARTICLE [initialed PD]
8. REWEIGH
9. WAITING TIME
10. EXTRA LABOR
11. AUX. SERV.
12. O/T PKG./UNPKG.
13. O/T LDG./UNLDG.
14. SELF-STORAGE P/D
15. DAY CERTAIN LOAD

**5. PIANO or ORGAN CARRY**
Number shipped _____
No. of flights _____ Inside _____ Outside _____

**6. LONG CARRY (Excessive Distance)**
BETWEEN VEHICLE AND ENTRANCE _____ FEET
BETWEEN ENTRANCE AND APT./OFFICE _____ FEET
SINGLE FAMILY DWELLING ☐ YES ☐ NO

**7. BULKY ARTICLE or WEIGHT ADDITIVE** (e.g. Auto, Camper, Farm Equipment, etc.)
☐ BOAT _____ Ft. ☐ TRAILER
OTHER _____

**8. REWEIGH**
REQUESTED ☐ YES

**9. WAITING TIME** (Show Times and Dates)
Time Arrived _____ Date _____
Time Loading Began _____ Date _____
Time Unloading Began _____ Date _____

**10. EXTRA LABOR**
No. Men _____
No. Regular Hours Each _____
No. O.T. Hours Each _____
PURPOSE: _____

NOTE: Articles disassembled by and for carrier convenience will be reassembled at no charge if requested.

**11. AUXILIARY SERVICE (Shuttle)**
Shipment Weight _____ Lbs. _____ Miles

**12. OVERTIME PACKING or UNPACKING**
Requested ☐ Yes

**13. OVERTIME LOADING or UNLOADING**
Requested ☐ Yes _____ Lbs.

**14. SELF-STORAGE PICKUP or DELIVERY (Mini-Warehouse)**
Weight _____ Lbs.

**15. DAY CERTAIN LOAD**
Requested ☐ Yes

NOTE: An additional charge will be assessed for disposal of packing materials from items unpacked by customer or carrier on a date other than at delivery time.

**2. APPLIANCE SERVICE or UNSERVICE**
☐ By Agent _____
☐ By Driver _____
☐ 3rd Party  ☐ INVOICE ATTACHED  ☐ INVOICE TO FOLLOW
List appliances serviced: _____

**3. EXTRA PICKUP or DELIVERY (Show Address)**
_____
Weight _____ Lbs.

**4. STAIR CARRY or ELEVATOR CARRY**
No. of flights _____ Inside _____ Outside _____
Elevator Used ☐ Yes ☐ No

CUSTOMER HAS BEEN GIVEN COPY OF THIS COMPLETED FORM INITIALED AND MARKED TO INDICATE SERVICES PERFORMED.

Van No. _____
SIGNATURE: [signature] (DRIVER/PACKER/UNPACKER)  Driver I.D. 566 (AGENT CODE)

I HAVE RECEIVED A COPY OF THIS FORM INITIALED BY ME TO SPECIFY SERVICES ORDERED. IF CREDIT IS EXTENDED ON THE BASIS THAT PAYMENT WILL BE MADE BY EMPLOYER OR OTHERS, I ACKNOWLEDGE MY PRIMARY LIABILITY FOR PAYMENT OF ALL CHARGES OR ANY PART OF CHARGES WHICH PROVE TO BE UNCOLLECTIBLE.

CUSTOMER SIGNATURE: [signature] Pam Doyle

530 147 (3-00)

# EXHIBIT "B"

Case 3:03-cv-30293-KPN    Document 1    Filed 12/02/2003    Page 11 of 12

```
MAYFLOWER TRANSIT, LLC                                                    MAYFLOWER
22276 NETWORK PLACE                                                       TRANSIT
CHICAGO, IL   60673-1222
                              ICC # MC2934  FED. ID #35-1692931
                              FORWARD CORRESPONDENCE TO:
                              Mayflower Transit, Inc.
0566   PAM DOYLE              One Mayflower Drive                         C.O.D.
       21 AUTUMN LANE          Fenton, MO 63026-1350
       AMHERST, MA  01002      314-305-4000

                              INVOICE NUMBER          INVOICE DATE

P.O. NO.                      H 0566 05152 2    01    ??/??/??

SHIPMENT OF HOUSEHOLD GOODS FOR        FROM                    TO

MRS PAM DOYLE                          MERIDIAN    MS   AMHERST    MA

Tariff No.  400N 3    Miles   5440 /  5440  Lbs. At       Per Cwt. $

TRANSPORTATION AMOUNT REDUCED BY      60.00  %DISC
                                             TRANSPORTATION       **    2647.69
2647.69    FUEL SURCHARGE                                         **      52.95
2647.69    INS. RELATED REVENUE       @  .04%                     **     105.91

    1   DISH PACKS             @   79.40               79.40
    2   TWIN MATTRESS CTN      @   33.40               66.80
    2   DOUBLE MATTRESS CTN    @   34.00               68.00
    2   QUEEN/KING MATTRESS    @   55.00              110.00
    2   CORR MIRROR CTN        @   69.05              138.10
        TOTAL PACKING              60.00%DISC                            184.92

    1   ORIG SERV CHRG              5440 LBS
                                  @ 5.89/CWT                             320.42

    1   DEST SERV CHRG              5440 LBS
                                  @ 4.63/CWT                             251.87

SUBTOTAL: SERVICES SUBJECT TO ADL SERV DISCOUNT       572.29
          LESS: 60.00 % ADL SERV DISCOUNT             343.37
          ** SERVICES EXCLUDED FROM DISCOUNTING       158.86
```

WE ARE REQUIRED BY ICC REGULATIONS TO ASSESS A CREDIT SERVICE CHARGE AT 1% OF TOTAL CHARGES SUBJECT TO A $10 MINIMUM CHARGE FOR PAYMENTS POSTMARKED BEYOND THE FREE CREDIT PERIOD. CHARGES ARE PAYABLE IN U.S. FUNDS.

TOTAL CHARGES

REMIT _____ IF PAYMENT POSTMARKED BY

REMIT _____ IF PAYMENT POSTMARKED AFTER                BALANCE

TO INSURE PROPER CREDIT, PLEASE RETURN THIS STUB WITH PAYMENT