UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CASE NO. 03-30293-KPN

MAYFLOWER TRANSIT, LLC,

    Plaintiff,

vs.

MICHAEL DOYLE AND
PAM DOYLE,

    Defendants.

---

### MOTION FOR WRIT OF GARNISHMENT AFTER JUDGMENT

---

Plaintiff, **MAYFLOWER TRANSIT, LLC,** by and through its undersigned attorneys, moves the Clerk of this Court to issue a Writ of Garnishment against Garnishee, **EASTHAMPTON SAVINGS BANK** and as grounds therefor would show that on the 9TH day of March, 2004, a Final Judgment was entered in favor of Plaintiff and against Defendants, **MICHAEL DOYLE AND PAM DOYLE** for the total sum of Three Thousand Two Hundred Twenty and 39/100 Dollars ($3,220.39) together with interest thereon from said date and that Plaintiff does not believe that the said Defendants have in their possession visible property upon which a levy can be made sufficient to satisfy the said Final Judgment.

CASE NO. 03-30293-KPN

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR WRIT OF GARNISHMENT

Under Rule 69(a) of the Federal Rules of Civil Procedure, "process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise." In Kashi v. Gratsos, 712 F.Supp. 23 (S.D.N.Y. 1989), the court held that a federal district court has a great deal of authority when enforcing a judgment. "A federal district court's jurisdiction to enforce its judgments by conducting supplemental proceedings and issuing orders is an inherent and long recognized authority." Id. at 25. Therefore, this court has the authority to enforce its judgment by issuing the requested writ of garnishment.

This court is also a proper forum in which to hear this matter. The plaintiff is seeking a writ of garnishment against a bank located in Massachusetts, which is within the judicial district wherein this Court is venued. Also, "an action to enforce a Federal judgment can be pursued successfully only in a State in which the property or other assets are located or where the person against whom the judgment has been entered can be located." Budish v. Daniel, 631 N.E.2d 1009, 1012 (Mass. 1994). In this case, both the property and the defendants are located in Massachusetts. Therefore, since this Court is also the rendering court, this Court would be a proper forum from which to seek enforcement process.

WHEREFORE, Plaintiff MAYFLOWER TRANSIT, LLC, requests this Court issue a Writ of Garnishment against Garnishee, Easthampton Savings Bank, and order such other and further relief as it deems just and proper.

CASE NO. 03-30293-KPN

DATED this 4 day of May, 2004.

        Respectfully submitted,

        **Lawrence J. Roberts & Associates, P.A.**
        Attorneys for Plaintiff
        249 Catalonia Avenue
        Coral Gables, Florida 33134
        Telephone: (305) 441-7882
        Fax: (305) 441-7883

BY: _____
        **LAWRENCE J. ROBERTS, ESQ.**
        **Florida Bar No. 343218**

3